# EXHIBIT B

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20941138 | D1 CM | 43186015 |

Rule 4 (B) Ohio

Rules of Civil Procedure

| | |
|---|---|
| DEVAN BROWN | **PLAINTIFF** |
| **VS** | |
| INDUSTRIAL FIRST, INC., ET AL | **DEFENDANT** |

# SUMMONS

INDUSTRIAL FIRST INC.
25840 MILES RD
BEDFORD HEIGHTS OH 44128

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

### Said answer is required to be served on:



**Plaintiff's Attorney**

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

### Case has been assigned to Judge:

MAUREEN CLANCY
Do not contact judge. Judge's name is given for attorney's reference only.




**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Dec 10, 2020 |

By_____
Deputy

COMPLAINT FILED   12/09/2020

CMSN130

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
**CLEVELAND, OHIO 44113**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20941138 | D1 CM | 43186016 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| | |
|---|---|
| DEVAN BROWN | **PLAINTIFF** |
| VS | |
| INDUSTRIAL FIRST, INC., ET AL | **DEFENDANT** |

**SUMMONS**

INDUSTRIAL FIRST INC.
C/O BRUCE L. WATERHOUSE, JR.
25 W PROSPECT AVE STE 1400
CLEVELAND OH 44115-0000

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

MAUREEN CLANCY
Do not contact judge. Judge's name is given for
attorney's reference only.



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



| DATE SENT |
|---|
| Dec 10, 2020 |

By_____
Deputy

COMPLAINT FILED    12/09/2020

CMSN130

**SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
CLEVELAND, OHIO 44113

| **CASE NO.** | | **SUMMONS NO.** |
|---|---|---|
| CV20941138 | D2 CM | 43186017 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| DEVAN BROWN | **PLAINTIFF** |
|---|---|
| **VS** | |
| INDUSTRIAL FIRST, INC., ET AL | **DEFENDANT** |

**SUMMONS**

KIRK WARREN
C/O INDUSTRIAL FIRST, INC.
25840 MILES RD
BEDFORD HEIGHTS OH 44128

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

MAUREEN CLANCY
Do not contact judge. Judge's name is given for
attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| **DATE SENT** |
|---|
| Dec 10, 2020 |

By_____
Deputy

COMPLAINT FILED   12/09/2020

CMSN130

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
**CLEVELAND, OHIO 44113**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20941138 | D3 CM | 43186018 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

|  |  |
|---|---|
| DEVAN BROWN | **PLAINTIFF** |
| **VS** | |
| INDUSTRIAL FIRST, INC., ET AL | **DEFENDANT** |

**SUMMONS**

CRAIG ZACKARY
C/O INDUSTRIAL FIRST, INC.
25840 MILES RD
BEDFORD HEIGHTS OH 44128

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

MAUREEN CLANCY
**Do not contact judge. Judge's name is given for
attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



| DATE SENT |
|---|
| Dec 10, 2020 |

By_____
Deputy

COMPLAINT FILED    12/09/2020

CMSN130



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
December 9, 2020 16:19

By: DANIEL S. DUBOW 0095530

Confirmation Nbr. 2132791

| | |
|---|---|
| DEVAN BROWN | CV 20 941138 |
| vs. | |
| INDUSTRIAL FIRST, INC., ET AL | Judge:  MAUREEN CLANCY |

Pages Filed:  18

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

DEVAN BROWN                              )        CASE NO.
8116 Garfield Blvd,                      )
Garfield Heights, Ohio 44125             )        JUDGE:
                                         )
                    Plaintiff,           )
                                         )
              v.                         )        **COMPLAINT FOR DAMAGES**
                                         )        **AND REINSTATEMENT**
INDUSTRIAL FIRST, INC.                   )
25840 Miles Rd                           )        **JURY DEMAND ENDORSED**
Bedford Heights, Ohio 44128              )        **HEREIN**
                                         )
**Serve also:**                          )
    Industrial First, Inc.               )
    c/o Bruce L. Waterhouse, Jr.         )
    25 W Prospect Ave Ste 1400           )
    Cleveland, Ohio 44115                )
                                         )
    -and-                                )
                                         )
KIRK WARREN                              )
c/o Industrial First, Inc.               )
25840 Miles Rd                           )
Bedford Heights, Ohio 44128              )
                                         )
    -and-                                )
                                         )
CRAIG ZACKARY                            )
c/o Industrial First, Inc.               )
25840 Miles Rd                           )
Bedford Heights, Ohio 44128              )
                                         )
                    Defendants.          )

Plaintiff, Devan Brown, by and through undersigned counsel, as his Complaint against

the Defendants, states and avers the following:

**PARTIES AND VENUE**

1.  Brown is a resident of the city of Garfield Heights, county of Cuyahoga, State of Ohio.



2. Industrial First, Inc. is a domestic corporation with its principal place of business located in Ohio at 25840 Miles Rd, Bedford Heights, Ohio 44128.

3. Warren is a resident of the state of Ohio.

4. Warren was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Industrial First who acted directly or indirectly in the interest of Industrial First.

5. Warren was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

6. Warran made and/or participated in the adverse actions asserted herein.

7. Zackary is a resident of the state of Ohio.

8. Zackary was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Industrial First who acted directly or indirectly in the interest of Industrial First.

9. Zackary was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

10. Zackary made and/or participated in the adverse actions asserted herein.

11. All of the material events alleged in this Complaint occurred in Cuyahoga County.

12. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and (4).

13. Venue is proper pursuant to Civ. R. 3(C)(3)&(6).

14. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

15. Brown is a former employee of Defendants.

16. Industrial First hired Brown in 2009 as a Sheet Metal Worker.



17. Industrial First promoted Brown to journeyman in 2012.

18. Brown often performed work as a foreman since 2012.

19. Brown is African-American.

20. Brown was the only African-American Foreman employed by Defendants.

21. Defendants paid Brown less than his Caucasian Foreman coworkers.

22. Defendants paid Brown an hourly rate of approximately $ 37 per hour.

23. Upon information and belief, Defendants paid similarly situated Caucasian employees an hourly rate of approximately $ 40 per hour for performing foreman work, but did not pay Brwon this rate when he did the same.

24. Defendants paid Brown a lower hourly rate than his similarly situated co-workers due to his race.

25. For all material allegations made herein, Industrial First employed Kirk Warren as Brown's direct supervisor.

26. At all times, material herein, Warren had the power to hire, fire, and/or discipline Defendants' employees.

27. Warren is Caucasian.

28. For all material allegations made herein, Industrial First employed Craig Zackary as Foreman..

29. For all material allegations made herein, Zackary was acting in the course and scope of his employment at Industrial First.

30. At all times, material herein, Zackary had the power to hire, fire, and/or discipline Defendants' employees.

31. Zackary is Caucasian.



32. In June of 2019, Zackary was assigned to assist Brown on a job in Kent, Ohio. ("June 2019 Job")

33. Upon arriving at the June 2019 Job, Zackary learned that he would be working under Brown.

34. Zackary became upset and walked off the job site after learning that he would have to work under Brown for the June 2019 Job. ("June 2019 Job Incident")

35. The June 2019 Job Incident occurred because Zackary did not want to work under an African-American Foreman.

36. Following the June 2019 Job Incident, Zackary began openly discriminating against Brown because of his race.

37. Zackary discriminated against Brown on multiple occasions throughout August of 2019. ("Discrimination Incidents")

38. The Discrimination Incidents included Zackary sending racist text messages in the crew's group chat.

39. The Discrimination Incidents included Zackary purposely failing to tell Brown that he was scheduled to work overtime.

40. Missing scheduled overtime hours could result in discipline, up to and including termination of employment.

41. Missing scheduled overtime hours resulted in Brown sustaining compensatory damages.

42. The Discrimination Incidents included Zackary forcing Brown to split overtime with Kerrie Hill.

43. Splitting overtime hours with other employees resulted in Brown sustaining compensatory damages.

44. At all times material herein, K. Hill was employed as Brown's apprentice.



45. The Discrimination Incidents included Zackary allowing Mitch Last Name Unknown and Mike Savidge to work un-split overtime.

46. Mike Sherman is Caucasian.

47. Mike Savidge is Caucasian.

48. At all times material herein, Defendants employed Sherman and Savidge as laborers.

49. The Discrimination Incidents included Zackary ensuring that if lay-offs were necessary, Brown and K. Hill would be the first to be laid off.

50. Zackary told Brown that he would have to rotate hours with another employee, while Sherman and Savidge would retain their normal hours.

51. For all material allegations herein, Defendants employed Jason Hill as the Office Supervisor.

52. At all times, material herein, J. Hill had the power to hire and fire Defendants employees.

53. On or around August 27, 2019, Brown reported the Discrimination Incidents to J. Hill. ("Complaints to Hill")

54. The Complaints to Hill included text messages sent from Brown to Hill complaining of the Discrimination Incidents.

55. On or around August 27, 2019, Brown reported the Discrimination Incidents to Warren. ("Complaints to Warren")

56. Industrial First has a policy to investigate complaints of unlawful discrimination.

57. An investigation should include interviewing the complainant.

58. An investigation should include interviewing the subject of the complaint.

59. An investigation should include interviewing the subject of the reported discrimination.

60. An investigation should include interviewing witnesses to the reported discrimination.

61. An investigation should include getting a written statement from the complainant.



62. An investigation should include getting a written statement from the subject of the complaint.

63. An investigation should include getting a written statement from the subject of the reported discrimination.

64. In response to Brown's Complaints to Warren and Complaints to J. Hill, Defendants did not interview Brown.

65. In response to Brown's Complaints to Warren and Complaints to J. Hill, Defendants did not interview Zackary.

66. In response to Brown's Complaints to Warren and Complaints to J. Hill, Defendants did not interview witnesses.

67. In response to Brown's Complaints to Warren and Complaints to J. Hill,, Defendants did not get a written statement from Brown.

68. In response to Brown's Complaints to Warren and Complaints to J. Hill, Defendants did not get a written statement from Zackary.

69. In response to Brown's Complaints to Warren and Complaints to J. Hill, Defendants did not get a written statement from witnesses.

70. Defendants did not investigate Brown's Complaints to Warren and Complaints to J. Hill.

71. Zackary was not given a verbal warning as a result of his discriminatory actions towards Brown.

72. Zackary was not given a written warning as a result of his discriminatory actions towards Brown.

73. Zackary's employment at Industrial First was not suspended as a result of his discriminatory actions toward Brown.



74. Zackary's employment at Industrial First was not terminated as a result of his discriminatory actions towards Brown.

75. By not disciplining Zackary at all based on the Complaints to Warren and Complaints to J. Hill, Defendants ratified Zackary's conduct.

76. By not disciplining Zackary at all based on the Complaints to Warren and Complaints to J. Hill, Defendants allowed Zackary's conduct to continue.

77. On or around October 11, 2019, Brown was struck by a school bus. ("Bus Accident")

78. As a result of the Bus Accident, Brown suffers from a limited range of motion in his back and a great deal of pain. ("Back Injury")

79. As a result of Brown's Back Injury, Brown's doctor advised Brown that if he were to return to work, that he should only work light duty.

80. Brown's Back Injury is a serious health condition.

81. Brown's Back Injury substantially limits one or more of his major life activities.

82. Brown has a record of his Back Injury.

83. Brown is disabled.

84. As a result of his Back Injury, Brown is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

85. Brown provided Defendants a doctor's note showing that he was to be placed on light duty.

86. Defendants became aware of Brown's Back Injury.

87. In the alternative, Defendants perceived Brown as being disabled.

88. In the alternative, Defendants perceived that Brown's medical condition constituted a physical impairment.



89. Despite this actual or perceived disabling condition, Brown was still able to perform the essential functions of his job.

90. In order to continue performing the essential functions of his job after the Bus Accident, Brown required physical therapy.

91. In order to continue performing the essential functions of his job after the Bus Accident, Brown required other medical treatment.

92. Following the Bus Accident, Brown requested accommodations from Defendants. ("Accommodation Requests")

93. The Accommodation Requests included time off from work to visit his doctor.

94. The Accommodation Requests included time off from work to go to physical therapy.

95. The Accommodation Requests included a request for light duty.

96. Brown's Accommodation Requests were reasonable.

97. Brown's Accommodation Requests did not cause an undue hardship on Defendants.

98. Defendants did not determine if Brown's Accommodation Requests would cause an undue hardship.

99. Defendants have no contemporaneously created documents reflecting any effort to determine if Brown's Accommodation Requests would cause an undue hardship.

100. After the Accommodation Requests, no one at Industrial First engaged in an interactive process to find a reasonable accommodation for Brown's disability.

101. Defendants violated R.C. § 4112.01 *et seq.* when no one at Industrial First engaged in an interactive process to find a reasonable accommodation for Brown's disability.

102. After Brown's Accommodation Requests, Defendants began reprimanding Brown for having to miss time to receive treatment for his disability.

The Employee's Attorney.™



103. Upon information and belief, Zackary became upset with Brown missing work as a result of Brown's Back Injury.

104. To the extent Brown had missed work, such absences should have been covered by The Family Medical Leave Act because they were connected to Brown's serious health condition.

105. All times, material herein, Industrial First had 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

106. All times, material herein, Industrial First employed 50 or more employees within 75 miles of its of the location where it employed Brown.

107. As of October 1, 2019, Brown worked for Industrial First for at least 12 months.

108. As of October 1, 2019, Brown had at least 1,250 hours of service for Industrial First during the 12-month period prior to October 1, 2019.

109. Industrial First is a covered employer, pursuant to the FMLA.

110. As of Brown's Back Injury, Brown was eligible for protected FMLA leave.

111. As a result of Brown's Back Injury, Brown was entitled to use FMLA leave.

112. Industrial First never informed Brown of his rights under the FMLA.

113. Industrial First never provided Brown with a notice of eligibility regarding Brown's rights under the FMLA.

114. In October of 2019, Zackary intentionally sent Brown to a job site that would not have been light duty work. ( "October Job")

115. When Zackary instructed Brown to work the October Job, it was when Brown was still under doctor's orders to work light duty.



116. When Zackary instructed Brown to work the October Job, Zackary knew that Brown was still under doctor's orders to work light duty.

117. Brown still tried to complete as much work as he could for the October Job even though he suffered from the Back Injury.

118. Zackary sent Brown to the October Job because Zackary believed Brown would not be able to make it to the October Job due to Brown's Back Injury.

119. Zackary sent Brown to the October Job in retaliation for making protected complaints regarding discrimination.

120. On October 27, 2019, Zackary complained to Warren, alleging that Brown messed up the October Job. ("Zackary's False Accusations")

121. In Zackary's False Accusations, Zackary told Warren that Warren either had to fire Brown or Zackary would quit. ("Zackary's Ultimatum")

122. Zackary's Ulimatum was based on Brown making complaints that Zackary discriminated against Brown on the basis of his race.

123. Zackary's Ultimatum was based on Brown's disability.

124. Alternatively, Zackary's Ultimatum was based on Brown's perceived disability.

125. Zackary's Ulimatum interfered with Brown's FMLA rights as Brown's absences from work should have been covered by FMLA leave.

126. On October 28, 2019, Defendants terminated Brown.

127. Defendants terminated Brown based on Zackary's Ultimatum.

128. Defendants terminated Brown in order to retain a Caucasian employee.

129. Defendants terminated Brown's employment because of his race.

130. Defendants terminated Brown's employment because of his disability.



131. Alternatively, Defendants terminated Brown's employment because of a perceived disability.

132. Defendants terminated Brown's employment in retaliation for making protected complaints.

133. Defendants termination of Brown's employment interfered with his FMLA rights as his absences should have been coverd by FMLA leave.

134. Upon information and belief, Defendants have a progressive disciplinary policy.

135. Defendants did not discipline Brown prior to terminating his employment.

136. Defendants violated their own progressive disciplinary policy when teriminating Brown's employment.

137. Upon information and belief, Defendants do not violate their own progressive disciplinary policy when terminating the employment of non-African American employees.

138. Upon information and belief, Defendants do not violate their own progressive disciplinary policy when terminating the employment of non disabled employees.

139. Upon information and belief, Defendants do not violate their own progressive disciplinary policy when terminating the employment of individuals Defendants do not perceive to be disabled.

140. Upon information and belief, Defendants do not violate their own progressive disciplinary policy when terminating the employment of individuals who have not made protected complaints.

141. Defendants violated their own progressive disciplinary policy when terminating Brown's employment because of his race.

142. Defendants violated their own progressive disciplinary policy when terminating Brown's employment because of his disability.



143. Defendants violated their own progressive disciplinary policy when terminating Brown's employment because of a perceived disability.

144. Defendants violated their own progressive disciplinary policy when terminating Brown's employment in retaliation of Brown's protected complaints.

145. Defendants violated their own progressive disciplinary policy when terminating Brown's employment to interefere with Brown's FMLA rights.

146. Defendants did not proffer a legitimate non-discriminatory reason for terminating Brown.

147. The above facts demonstrate that Defendants engaged in a pattern and practice of race discrimination.

148. The above facts demonstrate that Defendants engaged in a pattern and practice of disability discrimination.

149. The above facts demonstrate that Defendants engaged in a pattern and practice of unlawful retaliation.

150. The above facts demonstrate that Defendants engaged in a pattern and practice of unlawful FMLA interference.

151. There was a causal connection between Brown's race and Defendants' termination of Brown.

152. There was a causal connection between Brown's disability and Defendants' termination of Brown.

153. As a direct and proximate result of Defendants' conduct, Brown suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

The Employee's Attorney.™



## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*
### (Against All Defendants)

154. Brown restates each and every prior paragraph of this Complaint as if it were fully restated herein.

155. Brown suffers from the Back Injuries.

156. Brown's condition constituted a physical impairment.

157. Brown's condition substantially impaired one or more of his/her major life activities including working.

158. Brown is disabled.

159. In the alternative, Defendants perceived Brown as being disabled.

160. Defendants perceived Brown's condition to substantially impair one or more of his major life activities including working.

161. Defendants treated Brown differently than other similarly-situated employees based on his disabling condition.

162. Defendants treated Brown differently than other similarly-situated employees based on his perceived disabling condition.

163. On or about October 28, 2019, Defendants terminated Brown's employment without just cause.

164. Defendants terminated Brown's employment based his disability.

165. Defendants terminated Brown's employment based his perceived disability.

166. Defendants violated R.C. § 4112.01 *et seq* when it discharged Brown based on his disability.

167. Defendant violated R.C. § 4112.01 *et seq.* when it discharged Brown based on his perceived disability.



168. Defendants violated R.C. § 4112.01 *et seq.* by discriminating against Brown based on his disabling condition.

169. As a direct and proximate result of Defendants' conduct, Brown suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF R.C. § 4112.01 *et seq.* ## (Against All Defendants)

170. Brown restates each and every prior paragraph of this Complaint as if it were fully restated herein.

171. Brown informed Defendants of his disabling condition.

172. Brown made the Accommodation Requests to Defendants

173. Brown's requested accommodations were reasonable.

174. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendants.

175. Defendants failed to engage in the interactive process of determining whether Brown needed an accommodation.

176. Defendants failed to provide an accommodation.

177. Defendants violated R.C. § 4112.01 *et seq* by failing to provide Brown a reasonable accommodation.

178. As a direct and proximate result of Defendants' conduct, Brown suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

The Employee's Attorney.™



## COUNT III: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*
### (Against All Defendants)

179. Brown restates each and every prior paragraph of this Complaint as if it were fully restated herein.

180. Throughout his employment, Brown was fully competent to perform his essential job duties.

181. Defendants treated Brown differently than other similarly situated employees based on his race.

182. Defendants violated R.C. § 4112.01 *et seq.* by discriminating against Brown due to his race.

183. On or about October 28, 2019, Industrial First terminated Brown without just cause.

184. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

185. Defendants terminated Brown based on his race.

186. Defendants violated R.C. § 4112.01 *et seq.* when they terminated Brown based on his race.

187. As a direct and proximate result of Defendants' conduct, Brown has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: UNLAWFUL RETALIATION IN VIOLATION OF R.C. § 4112.02(I)
### (Against All Defendants)

188. Brown restates each and every prior paragraph of this Complaint as if it were fully restated herein.

189. As a result of the Defendants' discriminatory conduct described above, Brown complained about the racial discrimination he was experiencing.

190. Subsequent to Brown's reporting of racial discrimination to Defendants, Defendants terminated Brown's employment.



191. Defendants' actions were retaliatory in nature based on Brown's opposition to the unlawful discriminatory conduct.

192. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section..."

193. As a direct and proximate result of Defendants' termination of Brown, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS
### (Only Against Defendant Industrial First)

194. Brown restates each and every prior paragraph of this Complaint as if it were fully restated herein.

195. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

196. Industrial First is a covered employer under the FMLA.

197. During his employment, Brown qualified for FMLA leave.

198. Defendants failed to properly advise Brown of his rights under the FMLA.

199. Defendants unlawfully interfered with Brown's exercise of his rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

200. As a direct and proximate result of Defendants' conduct, Brown is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.



## DEMAND FOR RELIEF

WHEREFORE, Brown demands from Defendants the following:

(a) Issue an order requiring Defendants to restore Brown to one of the positions to which he was entitled by virtue his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Brown for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Brown's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  brian.spitz@spitzlawfirm.com
            daniel.dubow@spitzlawfirm.com

*Attorneys For Plaintiff*



## JURY DEMAND

Plaintiff Devan Brown demands a trial by jury by the maximum number of jurors permitted.

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
THE SPITZ LAW FIRM, LLC

The Employee's Attorney.™



NAILAH K. BYRD
1200 Ontario
Cleveland, OH 44113

Case# CV20941138

RETURN RECEIPT REQUESTED ELECTRONICALLY



9314 8001 1300 3543 5467 61

INDUSTRIAL FIRST INC.
C/O BRUCE L WATERHOUSE, JR
25 W PROSPECT AVE STE 1400
CLEVELAND OH 44115-1048